IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-30730
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EUGENE BULLARD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50163-1

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eugene Bullard appeals his jury trial conviction and 60-month sentence of imprisonment for firearm possession by a felon.

Bullard first argues that there was insufficient evidence. Bullard properly moved for judgment of acquittal. We will affirm his conviction if a rational juror could have found that the elements of the offense were proved beyond a reasonable doubt. United States v. Kay, 513 F.3d 432, 452 (5th Cir. 2007),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for cert. filed (Apr. 18, 2008)(No. 07-1281). We view the evidence in the light most favorable to the Government, with all reasonable inferences and credibility choices made in support of the jury verdict. Id.

To prove that Bullard was a felon in possession of a firearm, the Government had to establish that he was convicted previously of a felony and that he knowingly possessed a firearm that had traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); United States v. Guidry, 406 F.3d 314, 318 (5th Cir. 2005). Bullard contends only that the Government failed to prove that he knowingly possessed a firearm.

Possession of a firearm may be actual or constructive. United States v. McKnight, 953 F.2d 898, 901 (5th Cir. 1984). "Actual possession means the defendant knowingly has direct physical control over a thing at a given time. Constructive possession means ownership, dominion or control over a thing, or control over the premises where the thing is found." United States v. Munoz, 150 F.3d 401, 416 (5th Cir. 1998) (citation omitted). Possession may be "shown through either direct or circumstantial evidence." Id.

At trial, the Government offered into evidence, inter alia, a handgun found by probation officers in the bedroom that Bullard shared with his girlfriend. The owner of the gun testified that he had personally delivered it to Bullard. Viewing the evidence in the light most favorable to the Government, we find that the evidence sufficiently supports the verdict.

Bullard does not allege that the district court committed procedural error in arriving at his sentence, but does contend that the sentence is substantively unreasonable. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). We consider "the substantive reasonableness of the sentence under an abuse-of-discretion standard." Id. We presume that Bullard's sentence, which was within the guidelines range, was reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). We might have imposed a lesser sentence if it were our decision to

make in the first instance, but it is not. See Gall, 128 S. Ct. at 597. Bullard has failed to rebut the presumption of reasonableness afforded his sentence; the district court did not abuse its discretion. See id.

AFFIRMED.